# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

KEVIN LEE THOMAS                                                                              PLAINTIFF

v.                                            5:17CV00049-JLH-JJV

SCOTT WILLIAMS, Sheriff,
McGehee Jail; *et al.*                                                                        DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I.   BACKGROUND**

Kevin Lee Thomas ("Plaintiff") is confined at the Arkansas State Hospital and filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. No. 2.) Plaintiff alleges Defendants, officials at the McGehee jail, violated his constitutional rights while he was confined there as a pre-trial detainee in January 2014. (*Id*. at 5-8.) After careful review of the Complaint, I find it should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**II.   SCREENING**

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.[1] 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted;

---

[1] Plaintiff's Complaint indicates he was in jail awaiting trial on pending criminal charges when the incidents complained of occurred. (Doc. No. 2 at 8.) At some point, he was transferred to the Arkansas State Hospital; as of the time his Complaint was filed, he was "still locked up" there. (*Id*.) Plaintiff seems to imply the criminal charges against him are still pending. However, if he was in fact found not guilty of the charges by reason of insanity, then he is no longer a prisoner for purposes of the PLRA. *See Kolocotronis v. Morgan*, 247 F.3d 726, 728 (8th Cir. 2001). If that is the case, Plaintiff should so state in his objections to this Recommendation.

or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a fact-finding process for the resolution of disputed facts." *Id.* But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  ANALYSIS

Plaintiff characterizes his claim against all Defendants as one for "excessive force and abuse of authority." (Doc. No. 2 at 8.) More specifically, however, he alleges Defendants threatened to beat him up, slandered him to other inmates, poisoned his food, and made fun of him. (*Id*. at 8-9.) Plaintiff alleges these violations occurred when he was confined in the McGehee jail "around Jan. of 2014." (*Id*. at 8.) His claim appears to be time-barred. The forum state's statute of limitations for personal injury actions serves as the statute of limitations for claims brought pursuant to § 1983, and in Arkansas, the statute of limitations for personal injury actions is three years. *See Morton v. City of Little Rock*, 934 F.2d 180, 182 (8th Cir. 1991). In this case, the limitations period expired in January 2017.

In any event, Plaintiff's allegations fail to state a viable claim. Verbal threats and name calling are not constitutional violations cognizable under § 1983. *Martin*, 780 F.2d at 1338. Claims for defamation and slander are likewise not actionable under § 1983. *Miner v. Brackney*, 719 F.2d

954, 955 (8th Cir. 1983). Finally, Plaintiff has failed to allege he was injured by the poisoning of his food. Because a § 1983 action is a type of tort claim, general principles of tort law require that a plaintiff suffer some actual injury before he can receive compensation. *Carey v. Piphus*, 435 U.S. 247, 253-55 (1978).

For these reasons, I find Plaintiff's Complaint fails to state a claim to relief that is plausible on its face.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this 28th day of February, 2017.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[2]Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."